# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

JERRY WAYNE ALEXANDER, JR., )
)
    Plaintiff, )
)
v. )   No. 1:15-cv-69-HSM-SKL
)
WILLIAM B. MITCHELL CARTER, )
WILLIAM C. KILLIAN, CHRISTOPHER )
D. POOLE, JIM HAMMOND and ROB )
HONNET, )
)
    Defendants. )

## MEMORANDUM OPINION

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and Plaintiff's complaint will be **DISMISSED** *sua sponte*.

## I.   FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff has submitted a fully compliant application to proceed *in forma pauperis* [Doc. 1], and it appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the

Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is in custody at the Hamilton County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Hamilton County Jail to ensure that the custodian of Plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

## II. BACKGROUND

Plaintiff, while in custody at the Hamilton County Jail, filed this complaint on March 27, 2015, alleging a violation of his civil rights under 42 U.S.C. § 1983 [Doc. 2 p. 1]. Plaintiff alleges that Defendants William B. Mitchell Carter, United States Magistrate Judge; William C. Killian, U.S. Attorney; Christopher D. Poole, Assistant U.S. Attorney ("AUSA"); Jim Hammond, Sherriff; and Rob Honnet, T.F.O, violated his due process rights by denying him a fast and speedy trial in his criminal case prosecution [Doc. 2 p. 1].

The substance of Plaintiff's complaint, in its entirety, states as follows:

"On the date of Nov. 4, 2013, Magistrate Carter signed and issued a warrant for my arrest for conspiracy to distribute narcotics. After being booked Nov. 4, 2013, I

2

> went before Magistrate Lee. The only other time I've [been] before the Judge was June 17, 2014. Since then my speedy trial rights have been violated because for (16) sixteen months, I've been sitting in the Hamilton County Jail without being able to go before the judge to rectify this issue. My right to a 180 day fast and speedy trial is in complete violation to my interest of justice. This unnecessary delay is against my due process right to not be held without a conviction and my trial rights."

[Doc. 2 p. 2]. Ultimately, Plaintiff requests "immediate liberty from this gross violation of justice, due process, and speedy trial" for violation of his constitutional rights [*Id.* at 3].

Although Plaintiff does not identify the basis for the Court's jurisdiction over his claims against the federal Defendants, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* provides a right of action against federal employees in their individual capacities, acting under color of federal law, who violate an individual's rights under the United States Constitution. 403 U.S. 388, 395–96 (1971). Therefore, Plaintiff's claims against Defendants Carter, Killian and Poole will proceed under *Bivens*. *See id*. However, Plaintiff's claims against Defendants Hammond and Honnet, as state actors, will be addressed under 42 U.S.C. § 1983.

A summary of Plaintiff's underlying federal criminal case is necessary because his complaint is based on allegations of a violation of his speedy trial rights. Although district courts ordinarily do not consider matters outside of a civil rights complaint when deciding whether to dismiss it for failure to state a claim, they may consider public records and any other matters of which the Court may take judicial notice under Federal Rule of Evidence 201 (b). *See Weiner v. Klais & Co.,* 108 F.3d 86, 88–89 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Therefore, in reviewing Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this Court takes judicial notice of the record in the underlying criminal case of *United States of America v. Jerry Wayne Alexander, Jr.*, United States District Court for the Eastern

District of Tennessee at Chattanooga, Case No. 1:13-cr-128-7. On September 1, 2015, a jury convicted Plaintiff of conspiracy to distribute less than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 [Criminal Case 1:13-cr-128-7, Doc. 405]. Then, on April 12, 2016, Plaintiff was sentenced to 200 months of incarceration and 6 years supervised release [Criminal Case 1:13-cr-128-7, Doc. 465]. After Plaintiff took a direct appeal, the United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment on April 12, 2017 [Criminal Case 1:13-cr-128-7, Doc. 485]. Plaintiff filed his § 1983 complaint on March 27, 2015 [Doc. 2], prior to being convicted and sentenced in his federal criminal case.

## II.  ANALYSIS

### A.  Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

**B.     § 1983 Standard**

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

**C.     *Bivens* Standard**

Federal actors may be subject to suit directly, in their individual capacity, for violations of constitutionally protected rights under the doctrine set forth in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971). To establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002)). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.,* 76 F.3d 692, 698 (6th Cir.

5

1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou,* 438 U.S. 478, 498–504 (1978).

      **D.**     *Heck* **Favorable Termination Rule**

Plaintiff alleges that his right to a speedy trial was violated, as he was held in the Hamilton County Jail for sixteen months without appearing before a judge [Doc. 2]. To the extent that Plaintiff seeks to hold any individual liable for his underlying criminal conviction, his complaint fails to state a claim, as Plaintiff has not alleged that the conviction has been reversed or otherwise invalidated.

In *Heck v. Humphrey*, the Supreme Court held that in a § 1983 action, if a "judgment in favor of the plaintiff would necessarily imply the validity of his conviction or sentence," the Court must dismiss the complaint unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Later, the Supreme Court in *Wilkinson v. Dotson* detailed that a "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81–82 (2005).

"*Heck*'s litigation bar applies with equal force to *Bivens* actions." *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 460 (6th Cir. 2006). "The *Heck* favorable termination rule, when applied in a *Bivens* case, provides that a plaintiff may not maintain a civil complaint under *Bivens* for harm caused by alleged unlawful actions of federal officials, whose unlawfulness would render his federal judgment of conviction or sentence of imprisonment invalid, unless he pleads and proves his federal judgment of conviction has been

invalidated." *Beasley v. Poole*, No. 1:11-cv-63, 2011 WL 2689347, at *7 n.4 (E.D. Tenn. July 11, 2011) (citing *Heck*, 512 U.S. at 487).

Plaintiff's claims are barred by the *Heck* favorable termination rule because his claims "necessarily imply the validity of his conviction or sentence," and he has not shown that his criminal conviction has been reversed on direct appeal or otherwise invalidated. *See Heck*, 512 U.S. at 486–87. A determination that Plaintiff's Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction. *See Lucas v. Holland*, No. 17–5425, 2017 WL 4764472, at *2 (6th Cir. Sept. 26, 2017) (affirming district court's dismissal of *Bivens* speedy trial claims against several Assistant U.S. Attorneys, Magistrate Judges and a District Judge, as barred by *Heck*); *see also Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009) (holding Plaintiff's claim that his pretrial detention violated his speedy trial rights "would necessarily implicate the invalidity of his otherwise unchallenged [subsequent] conviction, so Heck bars his speedy-trial claim").

Additionally, a determination that Plaintiff's Sixth Amendment rights were violated in a *Bivens* or § 1983 action would be *Heck* barred even if found before Plaintiff's subsequent conviction and sentence. *See Burris v. Deters*, No. 1:06-cv-516, 2006 WL 2381546, at *2 (S.D. Ohio Aug. 16, 2006) ("A determination that plaintiff's Sixth Amendment right to a speedy trial was violated would necessarily implicate the validity of any pending conviction and result in speedier release from his imprisonment"). Plaintiff challenged the length of his pretrial detention without appearing before a judge, but a ruling in his favor would necessarily call into question the validity of his ensuing conviction, as "the sole remedy for a violation of the speedy-trial right is dismissal of the charges." *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017) (citing *Strunk v. United States*, 412 U.S. 434, 439–40 (1973); *United States v. Brown*, 169 F.3d 344, 348 (6th

7

Cir. 1999)); *see also Thomas v. Pugh*, No. 00–6155, 2001 WL 522437, at *1 (6th Cir. May 9, 2001) (finding a pre-trial detainee's § 1983 claim that he was denied a speedy trial to be barred by *Heck*). "*Bivens* has never been extended to provide an alternate remedy to speedy trial violations, and indeed, the Supreme Court has held that dismissal is the only possible remedy for a speedy trial violation." *Rockwell v. Adams*, No. 3:14-9190, 2014 WL 2779009, at *4 (S.D. W. Va. June 19, 2014) (citing *Strunk*, 412 U.S. at 440).

Plaintiff has also not demonstrated that his conviction or sentence has been previously invalidated. *See Heck*, 512 U.S. at 487 (holding a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). In conclusion, Plaintiff's § 1983 and *Bivens* action alleging a violation of his speedy trial rights necessarily implies the validity of his conviction and sentence, and Plaintiff has not demonstrated that his conviction and sentence has been invalidated. Therefore, as Plaintiff's claims are barred by *Heck v. Humphrey*, his § 1983 and *Bivens* claims will be **DISMISSED** for a failure to state a claim upon which relief may be granted. *See* 512 U.S. 477, 486–87 (1994).

### E. Judicial Immunity

Even in the absence of *Heck*'s favorable termination rule, Plaintiff's claims against Magistrate Judge Carter are also barred by judicial immunity. Judges, in the performance of their judicial functions, are absolutely immune from civil liability. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge acts in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

The doctrine of absolute judicial immunity protects federal judges from requests for injunctive relief as well as monetary damages. *See Irvin v. Campbell*, No. 3:14–cv–0360, 2014 WL 576332, at *2 (M.D. Tenn. Feb. 12, 2014) (holding "absolute immunity in a *Bivens* action against federal judges extends to requests for injunctive and other forms of equitable relief as well as to claims for damages") (citing *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz,* 17 F. App'x 343, 345 (6th Cir. 2001)).

Magistrate Judge Carter is absolutely immune from any claims for monetary damages and declaratory or injunctive relief for any actions take with respect to Plaintiff's criminal prosecution. "Control of the docket is a function for which judges are entitled to absolute immunity." *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *see also Lucas v. Holland*, No. 16-2309-JDT-cgc, 2017 WL 1088300, at *5 (W.D. Tenn. March 22, 2017), *aff'd*, No. 17–5425, 2017 WL 4764472, (6th Cir. Sept. 26, 2017) (holding federal judges were entitled to judicial immunity against the plaintiff's claims, including a violation of his speedy trial rights, as actions taken "during the course of the criminal proceedings . . . clearly are within . . . the scope of their judicial function"). Plaintiff's cause of action against Magistrate Judge Carter is based entirely on actions he took in his judicial capacity during Plaintiff's criminal proceedings. Plaintiff has not alleged, and there are no facts in the complaint from which to infer, that the criminal proceedings which Magistrate Jude Carter presided over lacked jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Therefore, as Magistrate Judge Carter is entitled to absolute immunity from suit, Plaintiff's claims against him fail to state a claim on which relief may be granted under § 1983 or *Bivens*.

**IV. CONCLUSION**

Based on the above, Plaintiff's application to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this Memorandum Opinion.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. His complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE